In the Matter of the Application of The City of New York, Acting by and Through the Commissioner of Docks, Relative to Acquiring Right and Title to and Possession of Certain Lands, Lands under Water, etc., Together with the Riparian, Franchise and Incorporeal Rights Appurtenant to Such Lands Situated Along the Northerly Shore of Jamaica Bay, etc., between Byrne Place, Borough of Brooklyn, and Long Island Railroad, Borough of Queens, for the Improvement of the Waterfront of the City of New York, etc. Parcels 4 to 9, Inclusive. Frederick C. Schepperle and Others, Appellants; The City of New York, Respondent.— Final decree so far as it relates to damage parcels 22, 24 and 25 of parcel 8, unanimously affirmed. In so far as it relates to damage parcels 2, 3, 4, 5, 6, 10, 11 and 14 of parcel 8; the foreshore or lowlands in parcels 6, 7 and 8; and the lands in Sand Bay creek and unnamed creek emptying therein in parcel 6, it is reversed on the law and the facts, with costs, and the matter remitted to the Special Term to award damages. (1) The claimants were entitled to damages for the appropriation of riparian rights in the above-enumerated parcels in parcel 8 adjacent to Fresh creek. (Matter of City of New York [Jamaica Bay], 256 N. Y. 382, 388, 391.) (2) The claimants are entitled to compensation for the taking of the lowlands or foreshore in parcels 6, 7 and 8 in so far as they establish or have established title thereto under colonial grants containing language of the character and scope held to have that effect in Best Renting Co. v. City of New York (248 N. Y. 491) and Appleby v. City of New York (271 U. S. 364). (3) The claimants were entitled to damages for the appropriation of the land under water of Sand Bay creek and the unnamed creek tributary thereto in parcel 6 in so far as that title was established in them in the Torrens law proceeding and by colonial grants. (Appleby v. City of New York, supra.) (4) If the title to any portion of the foregoing parcels is not satisfactorily established in the claimants, but is satisfactorily established to not be in the city of New York, prior to the grant by the State to the city of its lands under water, the award may be made to an unknown owner and the ownership thereof determined in an appropriate proceeding confined to that purpose. The colonial grants involved in Matter of City of New York (Jamica Bay) (supra) did not vest ownership of the lowlands or of the bed of creeks in the upland owners. That grant contained no reference to marshes or beaches. Hence what is said in that case with respect to the title of the city of New York in lands under water in Jamaica bay is not decisive of the rights of the claimants in this case under differently worded colonial grants. (5) The language of Matter of City of New York (Jamaica Bay) (256 N. Y. 382, 389) in relation to creeks, kills and waterways that are crossed and closed by the marginal street and thus do not give rise to a right to compensation for destruction of riparian rights, bars compensation for the destruction of such riparian rights in respect to damage parcels 22, 24, 25 in parcel 8, as the upland owners here, as in the parcel 10 proceeding, do not hold under a grant that gives them any title to the bed of the creek, in this case " Second Creek." Therefore, the rule of non-compensation relating to creeks that are crossed and closed by the marginal street applies. (Matter of City of New York [Jamaica Bay], supra.) Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur. Settle order on notice.